IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORNELL CALDWELL, <br> # 2220892 <br> PLAINTIFF, <br> <br> v. <br> <br> WALMART, ET AL., <br> DEFENDANTS. | §§§§§§§§§ | CIVIL CASE NO. 3:19-CV-2349-X-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Cornell Caldwell's motion to proceed *in forma pauperis*, but did not issue process. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

I. **BACKGROUND**

On October 2, 2019, Caldwell, a Texas state prisoner, filed a *pro se* complaint against the Walmart store in Balch Springs, Texas, and an unidentified automotive tech employee. Doc. 3 at 1; Doc. 6 at 3 (amended complaint filed in response to deficiency order). As confirmed by his *Answers to Magistrate Judge's Questionnaire*, Caldwell sues under 42 U.S.C. § 1983 "to redress the deprivation under color of state law of rights secured by the Constitution of the United States." Doc. 9 at 2 (adding "[t]his Court has jurisdiction un[der] 28 U.S.C. Section 1331 and 1343."). Specifically, Caldwell alleges that, on May 25, 2017, the Walmart automotive tech

verbally and physically assaulted him and falsely imprisoned him in the back parking lot of the store. Doc. 6 at 4; Doc. 9 at 3. He avers that the automotive tech grabbed him in a "bear hug" and squeezed him for about 5 or 6 minutes until he "almost passed out from a lack of air." Doc. 6 at 6; Doc. 9 at 4. Caldwell is seeking to hold Walmart liable for the alleged misconduct of its employee and more than $1 million in damages. Doc. 6 at 4, 6.[1]

Upon review, Caldwell's amended complaint lacks any legal basis and should be dismissed as frivolous and for failure to state a claim.

## II. ANALYSIS

Because Caldwell is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

---

[1] Caldwell pled guilty and was sentenced to five years' imprisonment for aggravated assault stemming from events that evidently followed the bear hug incident at issue in this case. *See State v. Caldwell*, No. F1711417 (363rd Jud. Dist. Court, Dallas Cty., Aug. 23, 2018) (*Judgment* and *Affidavit for Arrest Warrant* enclosed with *Indictment*). The online docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed on Feb. 28, 2020)).

stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Caldwell's claims fail.

Caldwell does not state a plausible claim for relief under 42 U.S.C. § 1983. To pursue a Section 1983 claim, the plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by one acting under color of state or law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). While Caldwell generally complains of constitutional violations stemming from the purported assault and false imprisonment, he cannot satisfy the requirements of 42 U.S.C. § 1983 that Defendants, a private entity and a private citizen, must have acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'[M]ere private conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach." (quoted case omitted)).

Moreover, Caldwell's state law tort claims for assault and battery, if any, are barred by the statute of limitations. He maintains that the automotive tech assaulted him on May 25, 2017. Doc. 6 at 4; Doc. 9 at 3. Thus, the deadline for filing suit for assault and battery was two years later on Saturday May 25, 2019 (extended to Tuesday May 27, 2019, FED. R. CIV. P. 6(a)). *See Burns v. Cameron County, Tex.*, 884 F. Supp. 234, 240 (S.D. Tex. 1995) (applying two-year limitations period to claims of assault and battery); *Marburger v. Jackson,* 513 S.W.2d 652, 655 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.) ("The two-year statute of limitations begins to run against an assault and battery action from the date the assault and battery occurred." (citing *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967))); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2020) (providing two-year limitations period for personal

injury claims). However, September 17, 2019 is the earliest possible date on which Caldwell's original complaint can be deemed filed[2]—well outside the limitations' period.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Caldwell's claims are fatally infirm. In addition, the Court has already given Caldwell the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Doc. 9. Thus, apparently he has already pled his best case and granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[2] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Caldwell dated the original complaint on September 17, 2019, and mailed it with a certificate of inmate trust account issued the same day. Doc. 3 at 1, 7; Doc. 4 at 3.

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED** on March 30, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."